# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| HERMAN TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:07CV133 LMB |
| | ) | |
| DEPUTY JARRETT BULLOCK and | ) | |
| OFFICER DEREK LAWRENCE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's Motion for Bill of Costs (Doc. No. 49) and Motion for Attorney Fees (Doc. No. 50). Defendants have filed Responses in Opposition to both motions. (Docs. No. 51, 52).

**I.   Motion for Bill of Costs**

In his Motion for Bill of Costs, plaintiff requests that the court tax costs against defendants pursuant to Federal Rule of Civil Procedure 54(d). Rule 54(d) provides that "costs - - other than attorney's fees - - should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). On September 29, 2009, following a jury trial, the Clerk entered judgment in favor of plaintiff. (Doc. No. 48). Plaintiff is, therefore, a prevailing party.

The court may not award costs that are not authorized by 28 U.S.C. § 1920 because this statute "imposes 'rigid controls on cost-shifting in federal courts.'" Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002) (quoting Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-45, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)).

Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In his Motion, plaintiff request costs for fees of the clerk, fees paid for service of process and subpoenas, fees paid to the court reporter for depositions, and fees paid for copies of medical records. Defendants do not object to plaintiff's requests for fees of the clerk in the amount of $350.00 for filing fees, or fees paid to the court reporter for the depositions of Jarrett Bullock, Derek Lawrence, Sheriff Holder, John Davis, Jim Daniels, and Dr. Dennis Blake in the amount of $1,035.90. As such, the $350.00 cost for filing fees and the $1,035.90 cost of depositions will be allowed under 28 U.S.C. § 1920(1) and (2) and taxed as costs. The Court will address plaintiff's remaining requests separately.

**1.    Service of Process/Subpoenas**

Plaintiff requests $1,099.00 for service fees. Defendants do not object to the fees in the for service of process and subpoenas on Derek Lawrence, Jarrett Bullock, Officer Bobby Jones, Sheriff Holder, and Jim Daniels, which total $608.00. As such, the court will allow these costs.

Defendants object to plaintiff's request for costs of service of subpoenas on Pam Allen, Ralph Barwell, Troy Karlish, Bridgette Palmer, Roger Davis, Parma Police Department, Cape Girardeau Sheriff's Department, and the Cape Girardeau Police Department. Defendants claim that these persons or representatives from these entities did not testify, nor were their depositions taken, nor were defendants ever notified of the subpoenas being issued or provided with records pertaining to these individuals or entities.

Plaintiff claims that Pam Allen, Ralph Barwell, Troy Karlish, Parma Police Department, Cape Girardeau Sheriff's Department, and the Cape Girardeau Police Department were all subpoenaed for proposed depositions in order to get defendant Derek Lawrence's work records and files. Plaintiff states that the depositions of these individuals or representatives of the entities were not required as they supplied the records to plaintiff's counsel.

"[E]ven if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was 'necessarily obtained for use in [a] case' and was not 'purely investigative.'" Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006) (quoting Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997). In this case, Pam Allen, Ralph Barwell, Troy Karlish, Parma Police Department, Cape Girardeau Sheriff's Department, and the Cape Girardeau Police Department were subpoenaed for proposed depositions. Defendants' attorney was not notified that these individuals or entities were subpoenaed or that there depositions would be taken. Plaintiff's counsel ultimately determined that depositions of these individuals or entities were not required. As such, the service of subpoenas on these individuals or entities was purely investigative and the court will not award these costs to plaintiff.

With regard to Roger Davis, plaintiff claims that Mr. Davis was served to obtain a subpoena on his brother, John Davis, who lives in the same residence. Despite the fact that John

Davis appeared at trial, the court will deny plaintiff's request for the cost of service of a subpoena on Roger Davis.

Finally, with respect to Bridgette Palmer, plaintiff claims that although plaintiff decided not to call Ms. Palmer at trial, she was listed as a potential witness for the plaintiff. A review of plaintiff's Witness List reveals that Bridgette Palmer was listed as a witness that may be called. (Doc. No. 27). Although the court would otherwise allow the cost of service of subpoena on Ms. Palmer, the records provided by plaintiff reveal that Ms. Palmer was served by a private process server.

The taxation of costs statute, 28 U.S.C. § 1920, does not provide for the taxation of fees of private process servers, rather it provides only for the fees of the "clerk and marshal." 28 U.S.C. § 1920(1). While other courts have permitted the recovery of private process server fees, the Eighth Circuit has adopted a rule denying costs of service by a private "special process server." Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985) (28 U.S.C. § 1920 contains no provision for the use of special process servers, thus such costs are non-taxable). Thus, the court will deny plaintiff's request for costs of service of subpoena on Bridgette Palmer.

**2.     Copies of Medical Records**

Plaintiff requests $359.98 for certified copy fees from various medical providers in order to obtain medical records. Defendants object to these fees on the basis that the certified copies of medical providers are not itemized and they were not introduced at trial. Plaintiff has since itemized these expenses. The court will allow these costs. Although plaintiff chose not to introduce the medical records as evidence at trial, the records are relevant, as they show treatment plaintiff received for the injuries he sustained as a result of the incident at issue in this matter. Thus, the court will allow costs in the amount of $359.98 for certified copies of medical records.

Accordingly, defendants will be taxed a total of $2,353.88 for fees of the clerk, fees for service of process and subpoenas, fees paid to the court reporter for depositions, and fees paid for copies of medical records.

## II.     Motion for Attorney Fees

Plaintiff seeks $37,625.00 in attorney fees, representing 150.50 total hours worked by three different attorneys at a rate of $250.00 per hour. Defendants do not object to the number of hours worked but, rather, argue that the hourly rate of $250.00 is excessive.

As the prevailing party in a civil rights action, plaintiff is entitled to "reasonable" attorney fees under the Civil Rights Attorney's Fees Act of 1975, 42 U.S.C. § 1988. In order to determine the amount of a reasonable fee, the court employs the "lodestar" method, where the starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Once the Court has determined the lodestar amount, it should consider several other factors to determine whether the fee should be adjusted upward or downward.[1] Id. at 434, 103 S.Ct. 1940.

Defendants do not object to the number of hours expended on this matter and the undersigned finds that the number is reasonable. Defendants contend that plaintiff's attorneys' hourly rate is excessive. A reasonable hourly rate is calculated based on the attorneys' regular hourly rates as well as the prevailing market rates in the community. Blum v. Stenson, 465 U.S.

---

[1]These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved an results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. Johnson v. Georgia Highway Express, 488 F.2d 714, 717-19 (5th Cir. 1974).

886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984); H.J. Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991). In determining a reasonable hourly rate, the court may consider the skill of representation, difficulty of work performed, counsel's experience, and counsel's reputation. Hensley, 461 U.S. at 434, 103 S.Ct. 1939.

The undersigned finds that the hourly rates charged by plaintiff's attorneys are reasonable. The rates are similar to rates charged by other attorneys in this district. Plaintiff has demonstrated that the rates charged are reasonable when compared to other lawyers of similar experience practicing in the Southeast Missouri area. As plaintiff notes, plaintiffs' attorneys are seasoned, veteran lawyers, with over seventy years of combined trial experience. Further, plaintiff indicates that his attorneys' regular hourly rate is $250.00 per hour, which is evidenced by the sample Attorney Fee Contract plaintiff has attached as an exhibit.

Thus, the undersigned will grant plaintiff's motion for an award of attorneys fees of $37,625.00, which represents 150.5 hours at the rate of $250.00 per hour.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a bill of costs (Doc. No. 49) be and it granted, to the extent that the Clerk of Court shall tax costs in the amount of $2,353.88.

**IT IS FURTHER ORDERED** that plaintiff's motion for attorneys fees (Doc. No. 50) be and it is **granted** in the amount of $37,625.00.

Dated this   20th   day of October, 2009.

                                                  */s/ Lewis M. Blanton*
                                                  LEWIS M. BLANTON
                                                  UNITED STATES MAGISTRATE JUDGE